[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PENDENTE LITE ORDERS
This matter comes before the court on defendant's motions for temporary alimony (#105) and temporary support (#108).[1]
Having considered all the testimony, the court rejects the suggestion CT Page 11413 that the defendant be ordered to pay specific bills rather than standard child support and alimony. The system of "bill paying" leaves the recipient with no obligation or incentive to conserve assets and spend wisely.
After consideration of all the statutory factors, and the Child Support Guidelines, the court enters the following orders:
 1) The plaintiff will pay, as child support, the sum of $380.00 weekly;
 2) The plaintiff shall maintain the existing medical insurance for the defendant and the children;
 3) The plaintiff shall be responsible for 61% of the un-reimbursed medicals for the plaintiff and the children after the plaintiff has paid the first one hundred ($100.00) dollars un-reimbursed medical expenses for herself and the first one hundred ($100.00) dollars un-reimbursed medicals for the children;
 4) The plaintiff shall pay. as pendente lite, periodic alimony, $1,100.00 weekly;
 5) The defendant shall pay, and keep current, the first mortgage on the Fairfield home;
6) The defendant shall pay, and keep current, the Saturn auto loan;
7) The defendant shall pay, and keep current, the following utilities:
a) fuel;
b) electricity;
c) water; and
d) trash
for the Fairfield house.
 8) The plaintiff will pay, and keep current, all the like expenses on the Norwalk home (including the CT Page 11414 first mortgage).
The court has, in arriving at its decisions, rejected defendant's desire to avoid a further commitment to work. She is capable of full-time employment. In addition, the court has rejected defendant's luxury of maintaining household help on a regular basis. He can and should maintain the Norwalk home; she can and should maintain the Fairfield home.
There is, simply, not enough money available in this family to meet unnecessary expenses, allow a lack of maximization of earning capacities and a failure to conserve resources.
DANIEL E. BRENNAN, JR., J.